POLSTON, J.
This appeal arises from Respondent Israel Grinberg’s challenge to the scoring of his failed May 2000 Florida Medical Licen-sure Examination. Petitioner Department of Health seeks a review of an interlocutory order by the administrative law judge (“ALJ”) in that proceeding. The order, ruling on Respondent’s Motion for Continuance/Sanctions, requires the Department to provide all of the exam’s questions and answers to Respondent, his attorney, and experts. The Department argues that the order fails to follow the applicable statutes and rules by requiring the production of the whole exam, and that production will prejudice the Department because the integrity of the exam will be compromised. We agree with the Department, and therefore grant the Department’s petition for writ of certiorari and reverse.
On August 24, 2000, pursuant to Rule 64B-1.1013, Florida Administrative Code, the Department of Health allowed the Respondent the opportunity to review his exam questions and answers during a post-examination review. Additionally, on December 12, 2000, in accordance with section 456.014(2), Florida Statutes (2000), *1138 and Rule 64B-1.009, Florida Administrative Code, the Respondent and his attorney reviewed his exam questions and answers in order to prepare for litigation in the case. His review was limited to the challenged questions identified on his scratch sheets during the postexam review.
The order on appeal provides access to all of the exam questions and answers to Respondent, his attorney, and his expert witnesses. The ALJ, in his order, made an excellent attempt to balance the discovery needs of Respondent to litigate his case against the prejudice to the Department resulting from disclosing exam questions and answers that are intended to be reused. However, the order does not comply with the statutory requirements that already balance those issues in favor of the Department.
The two directly applicable statutory provisions state:
... [T]he department shall provide procedures for applicants who fail an examination developed by the department or a contracted vendor to review their examination questions, answers, papers, grades, and grading key for the questions the candidate answered incorrectly or, if not feasible, the parts of the examination failed....
§ 456.017(2), Fla. Stat. (2000).
The department shall establish by rule the procedure by which an applicant, and the applicant’s attorney, may review examination questions and answers. Examination questions and answers are not subject to discovery but may be introduced into evidence and considered only- in camera in any administrative proceeding under chapter 120. If an administrative hearing is held, the department shall provide challenged examination questions and answers to the administrative law judge. The examination questions and answers provided at the hearing are confidential and exempt from s. 119.07(1), unless invalidated by the administrative law judge.
§ 456.014(2), Fla. Stat. (2000). The Department has established procedures according to these statutes, found in Rule 64B 1.013 “Postexam Review of Examination Questions, Answers, Papers, Grades and Grading Key.” and Rule 64B-1.009 “Requesting a Pre-hearing Review.”
The issues for us to determine in reviewing the order are what documents the Department must provide to the Respondent and how they are to be provided according to these applicable statutes and rules.
I.
First, we read sections 456.017(2) and 456.014(2) together to require the department to provide the questions and answers for those “the candidate answered incorrectly or, if not feasible, the parts of the examination failed.” See § 456.017(2), Fla. Stat. (2000). The Department states that it provided questions and answers for those challenged as indicated on Respondent’s scratch sheet that he generated during his postexam review. The Respondent argues that he challenged the questions and answers that were scored as incorrect, and he is not sure that all of those questions and answers have been accurately provided by the Department in the postex-am and pre-hearing reviews performed to date.
The ALJ improperly ordered that all questions and answers on the exam be provided, including those that the Respondent answered correctly. We do not read section 456.014(2) to require the whole exam to be provided to Respondent. Such an expansive interpretation of section 456.014(2)would be not only inconsistent with section 456.017(2), but also with its own requirement that in the event that an *1139 administrative hearing is held, the ALJ is to receive the “challenged examination questions and answers.” Moreover, it is logical that all questions and answers are not required to be provided because an examinee would have no reason to challenge questions scored as correct. Further, it is not unreasonable to expect that after a postexam review, an examinee may choose to not challenge all questions marked as incorrect because he may agree that he answered incorrectly on some questions. In short, disclosure of the whole exam is not required for the challenge, and it would be contrary to the confidentiality required for the integrity of the exam.[1]
Respondent argues that the Department waived the confidentiality nature of the exam’s questions and answers because the Department provided the questions and answers to its own outside experts for use in this litigation. The ALJ made no finding that the Department provided these materials to its outside experts, so we do not reach this issue.
II.
Second, we examine the statutes and rules for how these questions and answers are to be provided to Respondent. Section 456.014(2) is very clear that no discovery of the examination questions and answers should occur.
The order requires production of the whole exam to the Respondent, his attorney, and experts on the “first day of hearing” and states that the hearing will not resume until at least three days after this initial disclosure. The Department argues that, even with the restrictions in place, this disclosure on the “first day of hearing” is improper discovery. The Department further argues that the ALJ has required the exam questions and answers be made available for depositions after the first day. We agree with the Department that any discovery, whether in the presence of the ALJ or not, contravenes the statute prohibiting discovery. The order requiring disclosure with a delayed restart of the hearing essentially provides discovery to Respondent, and is therefore improper.
The postexam and pre-hearing statutes and rules do not contemplate disclosure of questions and answers to anyone other than the examinee and his attorney as specified. However, there is no prohibition in the statutes or rules against disclosure of the challenged questions and answers to expert witnesses at the administrative hearing, with appropriate restrictions.
For example, a statutory restriction for the hearing is the requirement in section 456.014(2) for the proceeding to be held “in camera.” Although “in camera” typically denotes a review only by the judge without anyone else present, it is used in section 456.014(2) in reference to the proceeding, where all the parties and them lawyers and witnesses are expected to be present. In context, therefore, “in camera” during the administrative proceeding means that the hearing should be “held in a place not open to the public such as the judge’s lobby or chambers.” Black’s Law Dictionary 684 (5th ed.l979)(defining “in camera proceeding”).
*1140 The Florida Legislature has provided restrictions for disclosure of questions and answers, balanced in favor of the exam’s integrity as protected by the Department.[2] See generally, Brady v. Department of Personnel, 149 N.J. 244, 693 A.2d 466 (1997)(the legislature balanced the need for a secure civil service examination process with the need for an examinee to demonstrate error in the grading of his exam).
III.
Therefore, we reverse the January 18, 2001 order, as clarified by order dated January 30, 2001, and remand for proceedings consistent with this opinion. In sum, (i) only those questions and answers that Respondent answered incorrectly should be provided or, if not feasible, the parts of the examination failed, in accordance with the referenced statutes and rules, and (ii) there shall be no discovery of the questions and answers.
WEBSTER and BROWNING, JJ., concur.

. Because Respondent argues that the Department has not provided accurate questions and answers that were scored as incorrect, the ALJ should review all of the original questions and answers (in camera, without anyone present) to determine that copies of all incor-reel questions and answers are accurately provided for review to Respondent and his attorney in accordance with section 456.014(2) and Fla. Admin. Code R. 64B-1.009.

. Respondent has a separate circuit court action pending addressing constitutional issues that are not present here, and are therefore not addressed.